IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 08-02404 (ESL)

WILLIAM A. RUIZ MARTINEZ                        CHAPTER 13
ILEANA ORTIZ SANTIAGO

       Debtors

## OPINION AND ORDER

This case is before the court upon creditor Cooperativa de Ahorro y Crédito de Camuy's ("Cooperativa") *Motion Requesting Order* (Docket No. 34) to recover the monies disbursed by the Chapter 13 Trustee (the "Trustee") to other unsecured creditors pursuant to the confirmed plan dated June 10, 2008, alleging that it mistakenly inverted the secured and unsecured amounts in its *Proof of Claim No. 12-1*. Also before the court is the Trustee's *Certification Related to Discharge…* (Docket No. 35) seeking an order to discharge the Debtors and to close the case. For the reasons stated herein, the *Motion Requesting Order* filed by Cooperativa (Docket No. 34) is hereby denied and the *Certification Related to Discharge…* filed by the Trustee (Docket No. 35) is hereby granted.

## Procedural Background

The Debtors filed the instant Chapter 13 bankruptcy petition on April 18, 2008 (Docket No. 1). The Debtors also filed their Chapter 13 Plan dated April 9, 2008 on April 18, 2008 (Docket No. 2). The Debtors filed amendments to their Chapter 13 Plan, the last one dated June 10, 2008 (the "Plan", Docket Nos. 10 and 13). Such Plan had a payment schedule of 12 payments of $410.00, 18 payments of $450.00, and 30 payments of $540.00 for a plan base of $29,220.00. The Plan provided for the surrender of shares that Debtors had with Cooperativa and the payment in full of an unsecured debt with such entity, account number 20063, in the amount of $20,773.04. See Docket No. 13, p. 2.

Parties in interest, including Cooperativa, did not file an objection to the confirmation of the amended Chapter 13 Plan dated June 10, 2008.

-1-

On July 3, 2008, the Chapter 13 Trustee filed a *Favorable Report on Proposed Plan Confirmation under § 1325* (Docket No. 14). On July 18, 2008, the court entered an *Order Confirming Plan* (Docket No. 16).

On August 18, 2008, Cooperativa filed *Proof of Claim No. 12-1* in the amount of $26,817.50, of which $19,901.40 was secured with shares and deposits, and $6,916.10 was unsecured. *Proof of Claim No. 12-1* also states that the value of the property serving as collateral, meaning and shares and deposits, is $19,901.40. See Claims Register No. 12-1, p. 1.

The Debtors completed Plan payments on May of 2013. See Docket No. 42, p. 2, ¶ 4.

On July 8, 2013, Cooperativa filed amended *Proof of Claim No. 12-2* in the total amount of $26,817.50 of which $19,901.40 was claimed as unsecured and $6,916.10 was claimed as secured. The value of the shares and deposits, which served as collateral, was not included in the face of *Proof of Claim No. 12-2*. See Claims Register No. 12-2, p. 1.

On August 21, 2013, Cooperativa filed a *Motion Requesting Order* (Docket No. 34) alleging that it had made a clerical mistake on *Proof of Claim No. 12-1* to the extent that it inverted the secured and unsecured portions of the total amount of $26,817.50 and that the mistake could be easily verified with the supporting documentation attached thereto. Hence, Cooperativa seeks an order for the Chapter 13 Trustee to recover the moneies paid to other unsecured creditors in order to pay 100% of its claim in *Proof of Claim No. 12-2*.

On August 23, 2013, the Chapter 13 Trustee filed a *Positive Standing Chapter 13 Trustee's Certification Related to Discharge pursuant to 11 USC § 1328(a), (g)(1), (h) and Rules 1007(b)(7) & 8 of the FRBP and LBR 3015-2(j)* (Docket No. 35) sustaining that the Debtors had complied with the required conditions to be entitled to a Chapter 13 discharge and hence requested that an order be entered discharging them and closing the case after the Trustee's Final Report was approved. That same day, the Chapter 13 Trustee also filed a *Final Report and Account* (Docket No. 36) informing, *inter alia*, that Cooperativa was paid $6,916.10, that is, the total unsecured amount claimed in *Proof of Claim No. 12-1*.

On September 13, 2013, Cooperativa filed an *Opposition to Trustee['s] Fnal Report and Account Plan Completed* (Docket No. 38) restating its previous arguments seeking an order to recover the moneies paid to other unsecured creditors in order to pay Cooperativa 100% of amended *Proof of Claim No. 12-2* before the case is closed.

On October 4, 2014, the Chapter 13 Trustee filed a *Reply to Opposition to Trustee's Final Report and Account Plan Completed* (Docket No. 42) sustaining that Cooperativa's *Proof of Claim No. 12-1* was deemed allowed as unopposed and became *prima facie* evidence of the amount owed for the unsecured portion of the debt, which was, $6,916.10, and that this is the document that must be considered by the Chapter 13 Trustee when making disbursements. The Chapter 13 Trustee also contends that it was not until July 8, 2013, after all Plan payments and disbursements were made, that Cooperativa filed its amended *Proof of Claim No. 12-2* to correct the unsecured and secured portions of its claimed debt. Hence, the Chapter 13 Trustee concludes that he made correct disbursements, as per the amounts listed in *Proof of Claim No. 12-1*, and that he should not be obligated to make a recovery in order to pay any further amounts to Cooperativa.

On October 18, 2013, the Debtors filed their *Position as to Objection to Trustee's Final Report and Account* asserting that they proposed a fully funded plan that was confirmed by the court "to pay [Cooperativa], whether six thousand or nineteen thousand, and they fully expect its provisions and the court's order of confirmation to be enforced and upheld under the law" (Docket No. 43, p. 2, ¶ 5). They conclude that they cannot be "found liable, or otherwise obligated to pay --again-- for this claim" (Docket No. 43, p. 2, ¶ 6).

On November 20, 2013, the court held a hearing ruling that a discharge order would be entered as the Debtors had completed the Plan payments and affording the parties thirty (30) days to file legal memoranda on this contested matter. See Docket Nos. 46 (*Minute Entry*) and 55 (*Transcript*). The court forewarned that it had "not been placed in a position to make a ruling" and that the parties must provide the legal analysis, for the court would not "do it independently" (Docket No. 12, p. 55, line 25, and p. 14, lines 16-18).

On December 20, 2013, Cooperativa filed a *Memorandum of Law in Support of the Motion Requesting Order* (Docket No. 50) acknowledging that it had made a clerical mistake in its *Proof of Claim No. 12-1* but arguing that under 11 U.S.C. §§ 704 and 1302, the Chapter 13 Trustee has the duty to verify the amounts claimed by creditors in their proofs of claims. Cooperativa also asserts that its *Proof of Claim 12-1* does not constitute *prima facie* evidence of the amount regarding its unsecured and secured portions because the supporting evidence filed therewith demonstrated the correct amounts for each portion (Docket No. 50, p. 7, ¶ 20).

On January 2, 2014, Debtors filed their *Position Re: Dkt 51* contending that Cooperativa's mistake is unfortunate but "[a]s to who should take the loss and bear the burden of the mistake concerning claim 12, [their] position is simple: [a]nyone except the Debtors" (Docket No. 53, p. 1, ¶ 3).

On January 22, 2014, the Chapter 13 Trustee filed a *Reply to Creditor Cooperativa ... Memorandum of Law in Support of the Motion Requesting Order and Opposition to Trustee Final Report and Account Plan Completed* (Docket No. 54) arguing that the validity of *Proof of Claim No. 12-1* was never in question and, therefore, he did not have any reason to object to it, that it was Cooperativa who provided incorrect information on its *Proof of Claim No. 12-1* and thus it has the burden of handling the situation, especially considering that Cooperativa had more than enough time to correct this situation before Plan payments were completed. The Chapter 13 Trustee also sustains that other parties should not be penalized because of Cooperativa's inaction throughout this bankruptcy proceeding.

Jurisdiction

The court has jurisdiction over the instant contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(E) and thus, the court has the authority to enter a final order.

-4-

<u>Legal Analysis and Discussion</u>

*(A)     Proofs of Claims and Amendments*

Proofs of claims are the basis for distribution in bankruptcy. <u>See</u> 11 U.S.C. §§ 501 and 502; William D. Warren, Daniel J. Bussel & David A. Skeel, Jr., <u>Bankruptcy</u>, Foundation Press, 9th ed., 2012, p. 78. "The Bankruptcy Code and Bankruptcy Rules govern the requirements for the filing and allowance of proofs of claim." <u>In re González Aleman</u>, 499 B.R. 236, 239 (Bank. D.P.R. 2013), citing <u>Municipality of Carolina v. Baker González (In re Baker González)</u>, 490 B.R. 642, 647 (B.A.P. 1st Cir. 2013).   Creditors may file proofs of claims in bankruptcy proceedings pursuant to 11 U.S.C. § 501.  Filed claims are "deemed allowed, unless a party in interest ... objects."  11 U.S.C. § 502(a).  Disallowed claims will not participate in the case or receive any payment with regards to that claim.  <u>See</u> Alan N. Resnick & Henry J. Sommer, 5 <u>Collier on Bankruptcy</u> ¶ 502.01 (16th ed. 2012); <u>In re Pick & Save, Inc.</u>, 487 B.R. 110, 121 (Bankr. D.P.R. 2012).  A proof of claim filed in accordance with Federal Rules of Bankruptcy Procedure "constitute[s] *prima facie* evidence of the validity and amount of the claim".  Fed. R. Bankr. P. 3001(f).

"Fed. R. Bankr. P. 3002(a) requires the filing of a proof of claim by unsecured creditors and equity security holders for the claim or interest to be allowed." <u>In re Alvarado Jurado</u>, 318 B.R. 251, 254 (Bankr. D.P.R. 2004).  "[T]here is no requirement in the Bankruptcy Code and Bankruptcy Rules that a proof of claim be filed in order to confirm a plan." <u>In re Alvarado Jurado</u>, 318 B.R. at 257.  However, "[i]n order to receive a distribution under a confirmed Chapter 13 plan, even secured creditors must first file a proof of claim or have one filed on their behalf." <u>In re Baldridge,</u> 232 B.R. 394, 396 (Bankr. N.D. Ind. 1999).  "Absent a timely proof of claim, a creditor is not entitled to receive a distribution even though the confirmed plan provides for payments on the claim." <u>Zich v. Wheeler Wolf Attys. (In re Zich)</u>, 291 B.R. 883, 886 (Bankr. M.D. Ga. 2003). <u>Also see</u> Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael S. Stepan, Esq., <u>Bankruptcy Law Manual</u>, Vol. 1 § 6:6 (2013-1), p. 1063.

Section 502(b)(9) of the Bankruptcy Code provides that a proof of claim may be disallowed if:

> [it] is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required. 11 U.S.C. § 502(b)(9).

Fed. R. Bankr. P. 3002(c) provides that a nongovernmental proof of claim filed in a Chapter 13 case is timely "if it is filed not later than 90 days after the first date set for the meeting of creditors called under 341(a) of the Code." The claims bar date "does not 'function merely as procedural gauntlet ... but as an integral part of the reorganization process.'" In re Coover, 2006 WL 4491439 at *5, 2006 Bankr. LEXIS 2401 at *18 (Bankr. D. Kan. 2006), quoting In re Enron Corp., 328 B.R. 75, 86-87 (Bankr. S.D.N.Y. 2005). It "'serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization.'" In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995), quoting First Fidelity Bank, NA. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.), 937 F.2d 833, 840 (2nd Cir. 1991)).

Creditors may amend their proofs of claims. "Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original proof of claim." Woburn Associates v. Kahn (In re Hemingway Transp. Inc.), 954 F.2d 1, 10 (1st Cir. 1992), cert. denied 510 U.S. 914 (1993). Also see In re Crane Rental Co., 341 B.R. 118, 120 (Bankr. D. Ma. 2006). The decision to grant or deny an amendment to a timely-filed proof of claim rests with the sound discretion of a bankruptcy judge. See Gens v. Resolution Trust Corp.

(In re Gens), 112 F.3d 569, 575 (1st Cir. 1997); In re McLean Industries, Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990); Committee Notes on Fed. R. Bankr. P. 3001 (2011 Amendment I). "Although amendments to proofs of claim should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted, such amendments are not automatic." In re W.T. Grant Co., 53 B.R. 417, 420 (Bankr. S.D.N.Y. 1985).

"[N]either the Bankruptcy Code nor the Bankruptcy Rules directly address amendment of a proof of claim". In re Enron Creditors Recovery Corp., 370 B.R. 90, 95 (Bankr. S.D.N.Y. 2007). Also see George M. Cheever and Ronda Winnecour, The Fine Art of Amending Claims in Chapter 13 Cases, 2010 No. 4 Norton Bankr. L. Adviser 2 (2010), p. 1. In In re Hemingway Transp. Inc., the U.S. Court of Appeals for the First Circuit (the "First Circuit") established that when deciding whether to permit an amendment to a proof of claim, bankruptcy courts:

> must scrutinize both the substance of the proposed amendment and the original proof of claim to ensure that the amendment meets three criteria. First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim. Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate. Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant. 954 F.2d at 10 (citations omitted.)

In re Gens, *supra*, involved an objection by the debtor to an original and amended proof of claim filed by an agent of the Resolution Trust Corp. (RTC) which incorrectly identified the creditor, mischaracterized the claim and misidentified the date of the original objection. The debtor in Gens argued that the court erred in allowing the creditor to amend its original proof of claim because RTC failed to file a proof of claim in its own name prior to the bar date and hence, there was no timely proof of claim to be amended. The First Circuit stated that a bankruptcy court's decision to allow amendment of a proof of claim is reviewed for abuse of discretion under the three criteria established in In re Hemingway Transp. Inc., 954 F.2d at 10. In Gens, the First Circuit did not find "undue prejudice", "bad faith" or "dilatory motive" by the

creditor because none was alleged and further ruled that "something more than mere creditor disappointment is required to preclude amendment".  112 F.3d at 575.

The Court of Appeals for the Second Circuit has adopted a similar two-prong test and developed additional useful criteria to apply it.  See Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2nd Cir. 2005); Integrated Resources, Inc. v. Ameritrust Co. N.A. (In re Integrated Resources, Inc.), 157 B.R. 66, 70 (S.D.N.Y. 1993).  Bankruptcy Courts within the Second Circuit "examine each fact within the case and determine whether it would be equitable to allow the amendment".  In re Enron Corp., 419 F.3d at 133.  Hence, they "must first look to whether there was timely assertion of a similar claim or demand evidencing an intention to hold the estate liable."  In re Integrated Resources, Inc., 157 B.R. at 70 (citations omitted).  If there was such a timely assertion, the court then examines each fact within the case and determines whether it would be equitable to allow the amendment.  Id.  In balancing the equities, the court considers the following equitable factors: (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the creditor's inability to file the amended claim at the time the original claim was filed.  Id.  As the Court of Appeals for the Court of Appeals for the Fifth Circuit noted in In re Kolstad, 928 F.2d 171, 176 (5th Cir. 1991), these considerations really come down to two questions: (1) is the creditor attempting to stray beyond the perimeters of its original proof of claim, effectively filing a new claim, and (2) what is the degree and incidence of prejudice caused by the creditor's delay.

Section 1326(c) of the Bankruptcy Code requires the Chapter 13 Trustee to make plan distributions to creditors under the plan.  The Chapter 13 Trustee can only make those distributions on account of allowed claims.  See Fed. R. Bankr. P. 3021 ("after a plan is confirmed, distribution shall be made to creditors whose clams have been allowed"); In re Dumain, 492 B.R. 140, 143 (Bankr. S.D.N.Y. 2013).

In the instant case, there is no dispute that *Proof of Claim No. 12-1* was timely filed, not objected, and therefore deemed allowed under 11 U.S.C. § 502(a).  Consequently, the Chapter 13 Trustee made proper disbursements to Cooperativa pursuant to the claim filed under the terms of the confirmed Plan pursuant to 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 3021. Cooperativa did not object to the confirmation of the Plan or otherwise pleaded receiving less money than it was entitled to under the provisions of the Plan.  It was not until July 8, 2013, when all Plan payments had been made, that Cooperativa filed amended *Proof of Claim No. 12-2*.  Then, about a month and half later, on August 21, 2013, Cooperativa sought an order for the Chapter 13 Trustee to recover the money paid to other unsecured creditors in order to pay it 100% of its claim as established not in *Proof of Claim No. 12-1*, but in amended *Proof of Claim No. 12-2*.  Although the Chapter 13 Trustee did not expressly file an objection to the amendment of Cooperativa's *Proof of Claim No. 12-1*, he did file a *Final Report and Account* and moved for the Debtors' discharge, which opposes Cooperativa's proposed amendment in *Proof of Claim No. 12-2*.  See Docket Nos. 35 and 36.

Cooperativa's amended *Proof of Claim No. 12-2* does not really constitute a new claim, it merely attempts to correct the secured and unsecured portions disclosed in *Proof of Claim No. 12-1*.  Hence, the court must consider if Cooperativa's delay constitutes unfair prejudice to other holders of unsecured claims against the estate and/or if the amendment is product of bad faith or dilatory tactics on the part of Cooperativa.  See In re Hemingway Transp. Inc., 954 F.2d at 10.

After considering the totality of circumstances and the history of the instant case, contrary to In re Gens, *supra*, the court concludes that Cooperativa's amendment in *Proof of Claim No. 12-2* and the *Motion Requesting Order* (Docket No. 34) are untimely and constitute a dilatory tactic that unfairly prejudices other creditors.    Granting Cooperativa's *Motion Requesting Order* (Docket No. 34) would result in having to recover disbursements made for years to unsecured creditors after the completion of the Plan.  Cooperativa also received payments under the Plan for five years without ever objecting to the distributions made by the

-9-

Chapter 13 Trustee. Hence, Cooperativa is precluded from amending its *Proof of Claim No. 12-1* at this advanced juncture of the proceedings.

*(B)      Mistakes Made by Creditors in their Proofs of Claims*

Cooperativa acknowledges that it mistakenly inverted the secured and unsecured portions in its *Proof of Claim No. 12-1*. However, it contends that the Chapter 13 Trustee had the duty to verify the amounts pursuant to the documents attached thereto and that pursuant to such duty, he must correct mistakes on claim distribution, including recovery of money from creditors. See Docket No. 50. On the other hand, the uncontested sequence of events concerning the contested matter before the court shows that Cooperativa waited from August 18, 2008 when it filed *Proof of Claim No. 12-1* until July 8, 2013, when it filed *Proof of Claim No. 12-2*, a month after the Debtors had completed Plan payments, to attempt to correct its own mistake. See Claim Register Nos. 12-1 and 12-2; Docket Nos. 16 and 42, p. 2, ¶ 14.

A similar situation arose in In re Taylor, 280 B.R. 711 (Bankr. S.D. Al. 2001), where within three months of completing their 5 year plan under 11 U.S.C. § 502(a), the Chapter 13 debtors objected to a mortgage creditor's amended proof of claim, arguing that the creditor's predecessor had filed an unsecured claim which would be paid in full under the plan. The creditor argued that the debtors could not propose and confirm a plan which, according to the creditor, violated 11 U.S.C. § 1322(c)(2). Hence, the creditor argued that it could claim additional sums still due. The court first examined the timing of the filing of the creditor's claim and heavily weighed the fact that the debtors had almost paid the creditor's claim through their Chapter 13 plan. Id. at 713. The court rejected the creditor's notion that the plan violated 11 U.S.C. § 1322(c)(2) because it provided full payment on all claims, no matter the status or amount. Thus, the court emphasized that what the creditor "was paid depended solely upon [it]" and that "[i]t needed to file a claim which would indicate its status and the amount of its claim". Id. at 714. The court also weighed the fact that the creditor did not object to the confirmation of the plan and therefore it "had no right to object to its treatment under the plan at this late date, regardless of what the treatment is". Id. at 715. The court also made clear that

-10-

"the plan did not prevent [the creditor] from being paid its full claim. Its own proof of claim did." Id. In addition, the Taylor court determined that "[t]he fault of the problem lie[d] squarely with [the creditor]" and that "[i]t is not the trustee's or debtors' responsibility to inform [the creditor] or its counsel as to the proper manner in which to complete a claim form." Id. at 716. The court further awarded $750.00 to Debtor's counsel for the creditor's prosecution of its amended claim. Id. at 717.

In In re Brown, 2007 Bankr. LEXIS 1544, 2007 WL 1302537 (Bankr. E.D. Va. 2007), the debtors filed an objection to the amendment of a creditor's timely proof of claim after the bar date. The debtors had surrendered a vehicle to the creditor and the claim was for the deficiency. The primary issue was whether allowing the late-filed amendment would have prejudiced the debtors or other unsecured creditors. Prejudice to unsecured creditors could have resulted because these creditors, having anticipated a 100% recovery due to the sale of certain of the debtors' real property, would have received only a 65% recovery if the claim were allowed. However, the debtors' original plan provided for only a 34 percent recovery, and no unsecured creditors objected to that distribution amount. Likewise, no unsecured creditors had objected to the late-filed claim. The court found no prejudice to unsecured creditors. Prejudice to the debtors could have resulted if the Trustee required the debtors to continue making plan payments until the expiration of the commitment period, or pay the unsecured creditors 100%. When the debtors sold their real property, they believed the sale would have paid off their plan at 100% and they would receive their discharge. While such additional payment requirements could have resulted in prejudice to the debtors, the court found no reason for the Trustee to have required the debtors to continue paying when they had already distributed 65% to unsecured creditors.

In In re Davis, 2007 Bankr. LEXIS 2469, 2007 WL 2126261 (Bankr. E.D. Va. 2007), a Chapter 13 trustee objected to an amended proof of claim filed by a creditor four years after the original claim was filed. The creditor had filed the original claim as a secured claim. Because the plan proposed to surrender the debtor's time share, the trustee did not administer the assets,

and the creditor was not entitled to any payment from the trustee on the secured claim. Documentation showed that the creditor sold the time share at foreclosure, and the amount of the new claim represented the deficiency upon foreclosure as an unsecured, nonpriority claim. At the time of the amended claim, the trustee had disbursed virtually all plan funds received from the debtor, with the debtor due to make the final plan payment. The trustee objected to the amended claim on the ground that it was untimely, and the court agreed and disallowed the claim. Although under some circumstances a trustee might be required to recover funds paid to creditors for disbursement to an overlooked claimant, the court concluded that it would not be appropriate in this case given the creditor's four year delay in amending its claim. Hence, the court ruled that allowing the claim after the long delay would cause undue prejudice to the debtor.

The court follows and adopts the reasoning in these three cases. The court also incorporates the following reasoning recently stated by the Court of Appeals for the First Circuit in Candelario del Moral v. UBS Fin. Servs. (In re Efron), 746 F.3d 30, 32 (1st Cir. 2014):

> For over four centuries, persons learned in the law have known that, when litigation is in prospect, vigilance is good and somnolence is bad. Commentators and courts have phrased this sentiment in different ways. See e.g., In re Wood, [1883] 23 Ch.D. 644 at 653 (Eng.) ("It is a reasonable presumption that a man who sleeps upon his rights has not got much right."); Edmund Wingate, Maxims of Reason (1658) ("Laws come to the assistance of the vigilant, not of the sleepy."). The lesson to be derived is that "[t]he law ministers to the vigilant not to those who sleep upon perceptible rights." Puleio v. Vose, 830 F.2d 1197, 1203 (1st Cir. 1987).

The court therefore concludes that Cooperativa's mistake in its *Proof of Claim No. 12-1* can only be attributable to Cooperativa itself. Moreover, its inertia in correcting its mistake for five years must also be attributable to Cooperativa. Consequently, Cooperativa may not amend the claim at the juncture it did, as allowing the same will cause undue prejudice to the Debtors and other creditors. Cooperativa's debt is deemed fully paid in accordance with *Proof of Claim No. 12-1*. Upon completion of the Plan payments there is no debt owing to Cooperativa.

Conclusion

In view of the foregoing, Cooperativa's amended *Proof of Claim No. 12-2* is hereby disallowed and its *Motion Requesting Order* (Docket No. 34) is hereby denied. In addition, the Chapter 13 Trustee's *Certification Related to Discharge…* (Docket No. 35) is hereby granted.

SO ORDERED.

In San Juan, Puerto Rico, this 31st day of July, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge